* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Zurich American Insurance Company is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage is $480.00, yielding a compensation rate of $320.02.
5. The plaintiff suffered a compensable back injury on November 27, 2002, and was entitled to and received medical compensation from the date of injury through October 13, 2003.
6. The plaintiff contends that she is entitled to additional medical compensation and ongoing indemnity compensation. The defendants contest payment of additional medical compensation and seek to terminate ongoing indemnity compensation.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was fifty-two years old. She began working for the defendant-employer in 1991, and on November 27, 2002, she was employed in the position of cosmetics counter manager.
2. On November 27, 2002, the plaintiff was unloading product at the back of the warehouse when she turned and tripped on a pallet. She fell and landed on the concrete floor, on her side, first hitting her head, then her shoulders and leg.
3. The plaintiff went to see her family physician, Dr. Nancy Henderson-Hines, on the same day of the injury. Dr. Henderson-Hines treated her for shoulder, leg, knee and back pain. On December 5, 2002, Dr. Henderson-Hines treated the plaintiff for continuing pain, and took her out of work.
4. The defendants accepted the plaintiff's workers' compensation claim on a Form 60 dated December 19, 2002. The defendants authorized care with Dr. Henderson-Hines.
5. Dr. Henderson-Hines continued to treat the plaintiff for her pain and depression and anxiety, and referred her for pain management on January 16, 2003 with Dr. Dora Franzoni. Dr. Franzoni referred the plaintiff for a psychological evaluation with Dr. Thomas Kern.
6. The plaintiff received two injections for her chronic pain, as well as biofeedback and counseling for her depression and anxiety. The plaintiff's pain management was discontinued due to the closing of the doctors' office.
7. The defendants referred the plaintiff to Dr. Toni Harris, a pain management specialist. Dr. Harris saw the plaintiff five times, treated her conservatively, and released her at maximum medical improvement with a one percent (1%) rating and without restrictions. As part of her treatment, Dr. Harris also referred the plaintiff to Dr. Zane T. Walsh. Dr. Walsh released her at maximum medical improvement with no permanent rating. Dr. Walsh reserved prescribing any restrictions until he could order and review the results of a functional capacity evaluation.
8. Dr. Henderson-Hines resumed sole care of the plaintiff after she was released by Dr. Harris. Dr. Henderson-Hines is of the opinion that the plaintiff's continuing pain is a result of her November 27, 2002 injury; that the plaintiff's depression and anxiety have been aggravated as a result of the pain she suffers from the November 27, 2002 injury; and that the plaintiff continues to need treatment for her pain.
9. Dr. Henderson-Hines referred the plaintiff to Dr. Sampath Charya, a neurologist. Dr. Charya has been treating the plaintiff and believes that her continuing pain is as a result of her November 27, 2002 injury; that the plaintiff continues to need treatment; and that with treatment, the plaintiff's condition will improve eventually.
10. Dr. Henderson-Hines referred the plaintiff to Dr. Viren Desai, a pain management specialist, who gave her two facet injections. The plaintiff discontinued treatment with Dr. Viren Desai after two visits due to lack of money.
11. Based upon the totality of the evidence in this matter, including the credible testimony of the plaintiff, the Full Commission gives greater weight to the opinions of Dr. Henderson-Hines and Dr. Charya as opposed to the opinions of the plaintiff's other physicians. Dr. Henderson-Hines has the longest doctor-patient relationship with the plaintiff, was the first doctor to treat the plaintiff for the November 27, 2002 injury, has coordinated the plaintiff's medical care since the date of the accident, and continues to follow the plaintiff's medical treatment.
12. Based upon the greater weight of the credible evidence of record, the Full Commission finds that the plaintiff's ongoing treatment for neck, arm, back and leg pain, depression, and anxiety with Dr. Henderson-Hines and Dr. Charya is causally related to her November 27, 2002 injury, and the plaintiff will likely benefit from continued treatment as recommended by Dr. Henderson-Hines and Dr. Charya for these conditions.
13. Based upon the testimony of Dr. Charya, who was treating plaintiff at the time of the depositions in this matter, the plaintiff has work restrictions of "avoiding over strenuous activities: heavy weight, pushing, pulling, lifting and those kind of activities." The plaintiff does not have restrictions on walking or standing. Accordingly, the Full Commission finds that the plaintiff is able to engage in a job search for suitable employment, especially considering her prior work history as a cosmetics counter manager.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The greater weight of the evidence of record establishes a causal relationship between the plaintiff's November 27, 2002 injury by accident and her ongoing treatment for neck, arm, back and leg pain, depression, and anxiety with Dr. Henderson-Hines and Dr. Charya. N.C. Gen. Stat. §97-2(6).
2. As a result of her compensable injury, the plaintiff is entitled to continuing temporary total disability compensation until she returns to suitable employment or until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. The plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of her compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including ongoing treatment for neck, arm, back and leg pain, depression, and anxiety as recommended by Dr. Henderson-Hines and Dr. Charya. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, the defendants shall continue to pay temporary total disability compensation to the plaintiff until she returns to suitable employment or until further order of the Commission.
2. The defendants may provide the plaintiff with vocational rehabilitation to assist her in returning to suitable employment.
3. Dr. Henderson-Hines and Dr. Charya are hereby approved as the plaintiff's treating physicians.
4. The defendants shall pay for medical expenses incurred or to be incurred as a result of the plaintiff's compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including the plaintiff's ongoing treatment for neck, arm, back and leg pain, depression, and anxiety as recommended Dr. Henderson-Hines and Dr. Charya.
5. A reasonable attorney fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from all future compensation payments due the plaintiff and paid directly to the plaintiff's counsel. For this fee, every forth check payable to the plaintiff shall be directed to the plaintiff's counsel.
6. The defendants shall pay the costs due the Commission.
This 6th day of January 2006.
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_________________ THOMAS J. BOLCH COMMISSIONER
 S/_________________ BUCK LATTIMORE CHAIRMAN